1    Viddell Lee Heard (# 175049)
       vheard@afrct.com
2    ANGLIN, FLEWELLING, RASMUSSEN,
       CAMPBELL & TRYTTEN LLP
3    199 South Los Robles Avenue, Suite 600
     Pasadena, California 91101-2459
4    Tel:  (626) 535-1900 | Fax:   (626) 577-7764

5    Attorneys for Defendant
     WELLS FARGO BANK, N.A., successor by
6    merger with Wells Fargo Bank Southwest, N.A.,
     formerly known as Wachovia Mortgage, FSB,
7    formerly known as World Savings Bank, FSB

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   ZULEMA ZENDEJAS,                    CASE NO. 2:13-cv-6725-ABC (AJWx)

13              Plaintiff,               **WELLS FARGO BANK, N.A.'S**
                                         **NOTICE OF MOTION AND MOTION**
14        v.                             **TO DISMISS COMPLAINT;**
                                         **MEMORANDUM OF POINTS AND**
15   WELLS FARGO BANK, N.A;              **AUTHORITIES**
     NDeX WEST, LLC; and DOES 1 -
16   100, inclusive,                     [Filed with separate Request For Judicial
                                         Notice]
17              Defendants.
                                         Date:        October 21, 2013
18                                       Time:        10:00 a.m.
                                         Ctrm:        680
19

20

21   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

22           PLEASE TAKE NOTICE that on October 21, 2013, at 10:00 a.m. or as soon

23   thereafter as the matter may be heard in Courtroom 680 of the above-entitled

24   Court, WELLS FARGO BANK, N.A., successor by merger with Wells Fargo

25   Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly

26   known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss each

27   claim for relief in the operative complaint. The grounds for this motion to dismiss,

28

*(left margin vertical text)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   brought pursuant to Federal Rules of Civil Procedure 12(b)(6), are:

2       <u>First Claim for Relief:  Wrongful Foreclosure</u>

3       The complaint fails to state a claim because: (i) the claim is preempted by

4   the Home Owners' Loan Act (HOLA); (ii) the complaint fails to allege a factual or

5   legal basis for the claim; and (iii) the claim is not plead with adequacy or

6   particularity.

7       <u>Second Claim for Relief: Quiet Title</u>

8       The complaint fails to state a claim because: (i) the claim is preempted by

9   HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

10  (iii) the claim is not plead with adequacy or particularity.

11      Wells Fargo also seeks to dismiss this action under FRCP 12(b)(7) due to

12  Plaintiff's failure to join indispensable parties, namely the purchasers of the

13  property at the foreclosure sale.

14      This motion is based on this notice of motion and motion, the attached

15  memorandum of points and authorities, the accompanying request for judicial

16  notice and exhibits thereto, the documents on file in this action, the argument of

17  counsel, and on such other information as the Court may deem appropriate.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

2

**Compliance with Local Rule 7-3**. On September 13, the day after this action was removed to federal court, Wells Fargo's counsel faxed and mailed a letter to Plaintiff's counsel describing the grounds for this motion and inviting counsel to discuss the issues further. Plaintiff's counsel did not respond.

Respectfully submitted,

Dated:  September 19, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP


By: _____/s/ Viddell Lee Heard_____
            Viddell Lee Heard
            vheard@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB
("Wells Fargo")

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1.  INTRODUCTION.................................................................................1

2.  FACTS SUBJECT TO JUDICIAL NOTICE ....................................1

3.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ............................2

    A.  At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA ......................2

    B.  OTS Regulations Promulgated Under HOLA Preempt Any State Laws that Affect Lending ........................................................3

    C.  State Laws Preempted by HOLA.........................................................4

    D.  HOLA Preempts Plaintiff's Claims ....................................................5

    E.  Numerous Courts Have Recognized That HOLA Preempts Claims Such As Those Asserted Here .................................................5

4.  THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE TO JOIN AN INDISPENSABLE PARTY .......................................7

5.  THE COMPLAINT DOES NOT STATE A CLAIM FOR WRONGFUL FORECLOSURE................................................................8

    A.  Plaintiff May Not Sue To Enforce The HAMP/HAFA Guidelines ......................................................................................8

    B.  The Complaint Lacks Allegations of Damages .................................9

6.  THE COMPLAINT DOES NOT STATE A QUIET TITLE CLAIM .........10

    A.  The Quiet Title Claim Is Based On The Unenforceable HAFA Regulations.........................................................................10

    B.  Plaintiff Must Tender Her Unpaid Debt To Obtain Equitable Relief ..............................................................................10

    C.  The Complaint Is Not Verified .........................................................11

7.  CONCLUSION ................................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Aleem v. Bank of Am.*,
   2010 U.S. Dist. LEXIS 11944 (C.D. Cal. Feb. 9, 2010) ...................................... 9

*Burr v. JPMorgan Chase Bank, N.A.*,
   2012 U.S. Dist. LEXIS 42493 (S.D. Texas March 28, 2012) ......................... 8, 9

*Castillo v. Wachovia Mortgage*,
   2012 U.S. Dist. LEXIS 50926 ........................................................................... 3

*Collins v. Power Default Services, Inc.*,
   2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) ................................... 11

*Copeland-Turner v. Wells Fargo Bank, N.A.*,
   800 F. Supp. 2d 1132 (D. Or. 2011) ................................................................ 3

*Curcio v. Wachovia Mortg. Corp.*,
   2009 U.S. Dist. LEXIS 96155 (S.D. Cal. Oct. 14, 2009) .............................. 5, 6

*DeLeon v. Wells Fargo Bank, N.A.*,
   729 F. Supp. 2d 1119 (N.D. Cal. 2010) ........................................................... 3

*Domnie v. Saxon Mortgage*,
   2010 U.S. Dist. LEXIS 76816 (N.D. Cal. July 14, 2010) ................................. 9

*Escobedo v. Countrywide Home Loans, Inc.*,
   2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009) ............................... 9

*Gorton v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012) ............................... 2

*Guerrero v. Greenpoint Mortg. Funding*,
   2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010) .................................... 11

*Guerrero v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ................................ 6

*Haggarty v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 9962 ............................................................................ 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hoffman v. Bank of America, N.A.*,
   2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ..............................8, 9

*Lomayaktewa v. Hathaway*,
   520 F. 2d 1324 (9th Cir. 1975) ...........................................................................8

*Nguyen v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 113246 ......................................................................6, 11

*Omega v. Wells Fargo & Co.*,
   2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011)................................3

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 (N.D. Cal. December 7, 2009) .....................5, 6

*Thomas v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 43128 (N.D. Cal. Mar. 28, 2012) ..................................3

*Villa v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 23741 (S.D. Cal. March 15, 2010) ................................9

*Virginia Surety Company v. Northrop Grumman Corp.*,
   144 F.3d 1243 (9th Cir. 1998) ............................................................................8

*Williams v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 68615 (C.D. Cal. May 13, 2013)...................................2

*Zendejas v. GMAC Wholesale Mortg. Corp.*,
   2010 U.S. Dist. LEXIS 64903 (E.D. Cal. June 16, 2010)...................................9

**STATE CASES**

*Aguilar v. Bocci*,
   39 Cal. App. 3d 475 (1974) ..............................................................................10

*FPCI Re-Hab 01 v. E & G Invs.*,
   207 Cal. App. 3d 1018 (1989).................................................................2, 5, 9, 10

*Lopez v. World Sav. & Loan Ass'n*,
   105 Cal. App. 4th 729 (2003)..............................................................................3

*McElroy v. Chase Manhattan Mortg. Corp.*,
   134 Cal. App. 4th 388 (2005)............................................................................11

*Miller v. Provost,*
    26 Cal. App. 4th 1703 (1994) ................................................................ 10

*Nguyen v. Calhoun,*
    105 Cal. App. 4th 428 (2003) ................................................................ 10

*Sipe v. McKenna,*
    88 Cal. App. 2d 1001 (1948) ................................................................ 10

*Weiss v. Washington Mutual Bank,*
    147 Cal. App. 4th 72 (2007) .................................................................. 4

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................. 5

Cal. Civ. Proc. Code § 761.020 ............................................................... 11

**RULES**

Fed. R. Civ. P. 12(b)(7) ............................................................................ 7

Fed. R. Civ. P. 19 ..................................................................................... 7

Fed. R. Civ. P. 19 (a)(1) .......................................................................... 7

Rule 19 ....................................................................................................... 8

**REGULATIONS**

12 C.F.R. § 545.2 ...................................................................................... 3

12 C.F.R. § 560.2 .............................................................................. 3, 4, 5

12 C.F.R. § 560.2(b) .......................................................................... 3, 5, 6

12 C.F.R. § 560.2(b)(4) .......................................................................... 4, 6

12 C.F.R. § 560.2(b)(10) ............................................................................ 5

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ......................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<div style="writing-mode: vertical-rl">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action represents Plaintiff's final effort to avoid the consequences of her repeated and admitted default on the mortgage loan she received from Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor-in-interest.[1] This motion explains why the complaint fails to state any claim on which relief may be granted. Each claim is preempted by regulations promulgated under the federal Home Owners' Loan Act (HOLA). Even if the claims were not preempted, they are unauthorized under California law for the reasons explained below. Therefore, Wells Fargo asks the Court to dismiss the complaint under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

**The Loan**. In December 2005, Plaintiff obtained from World Savings Bank (Wells Fargo's predecessor in interest) a $457,500 loan for a property in La Mirada, California. The loan was memorialized in a signed note and secured by a signed deed of trust. RJN, Exs. F and G. The deed of trust and note each identify World Savings and "its successors and assignees" as the lender and beneficiary. RJN, Ex. F at 1-2 (Article I(C) and (H)); RJN, Ex. G at 1.

**Plaintiff's Defaults, The Modification Agreement, And Wells Fargo's Foreclosure**. Plaintiff initially defaulted in 2009. *See* RJN, Ex. H (notice of default memorializing 2009 default). Rather than foreclose then, in June 2011 Wells Fargo granted her a loan modification that dramatically lowered the payments due under the loan. *See* RJN, Ex. I (2011 modification agreement that, *inter alia,* dropped

---

[1]  Wells Fargo Bank is essentially the successor to World Savings Bank, the entity from whom Plaintiff obtained her 2005 mortgage loan. This chain of corporate succession is more fully explained in Section 3, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

interest rate to 2%). Nevertheless, Plaintiff defaulted again, this time in August 2012. *See* RJN, Ex. I at 2 (reflecting failure to make "8/1/2012" payment). Wells Fargo therefore recorded a notice of default in November 2012 and a notice of sale in February 2013. *See* RJN, Exs. I and J.

Plaintiff did not cure her default or take other steps to prevent foreclosure during the ensuing four months. Instead, she gambled:  she allegedly waited until a *one week before the foreclosure sale* to "seek alternatives to foreclosure," by asking Wells Fargo to consider a short sale. *See* Compl. ¶ 15.[2]  Predictably, this all-too-common delay tactic did not work. On June 17, 2013, the property was sold at foreclosure. *See* Compl. ¶ 21.

### 3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA

**A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA**

When Plaintiff took out her loan in 2005, World Savings Bank was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs. A and C. World changed its name to Wachovia Mortgage, FSB on December 31, 2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until recently known as Wachovia Mortgage (RJN, Ex. E).[3]

---

[2] The allegation that she submitted her request on June 10 is knowingly, provably false: she actually faxed her request on the afternoon of Friday, June 14, the business day before the June 17 foreclosure sale. However, because Wells Fargo is mindful that, in ruling on a motion to dismiss, the Court must assume the truth of properly plead factual assertions in complaint, this motion therefore assumes that Plaintiff did inquire about a short sale on June 10.

[3]  HOLA applies even though successor Wells Fargo Bank is not chartered as a federal savings bank and acquired the loan by merger. *See, e.g., Williams v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 68615, *6–*12 (C.D. Cal. May 13, 2013) ("The same HOLA preemption analysis applies even after the FSB merges into a national bank, as long as the mortgage originated with an FSB."); *Gorton v.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    In addition, the deed of trust for the property expressly states that it and the

2    note are "governed by and construed under federal law." RJN, Ex. F ¶ 15.

3    **B.    OTS Regulations Promulgated Under HOLA Preempt Any State Laws**

4    **that Affect Lending**

5    Through its regulatory authority, the OTS "occupies the entire field of

6    lending regulation for federal savings associations." 12 C.F.R. § 560.2. OTS

7    regulations issued pursuant to HOLA are "intended to preempt all state laws

8    purporting to regulate any aspect of the lending operations of a federally chartered

9    savings association, whether or not OTS has adopted a regulation governing the

10   precise subject of the state provision." *Lopez v. World Sav. & Loan Ass'n*, 105

11   Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

12   As the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)

13   instructs, preemption analysis under HOLA is simple. Step one determines

14   whether the type of state law at issue appears on the list set forth in 12 C.F.R.

15   § 560.2(b), which lists the types of state laws that HOLA preempts. If the type of

16   state law in question appears on the list, the analysis ends there and the law is

17   preempted; there is no step two. As the Ninth Circuit observed in *Silvas*, 514 F.3d

18   

19   *Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 168158, *12 (C.D. Cal. Nov. 27,

20   2012) ("HOLA preemption continues to apply to loans originated by a federal

     savings bank even after those banks are merged into national banking

21   associations."); *Thomas v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 43128,

22   *2 (N.D. Cal. Mar. 28, 2012); *Castillo v. Wachovia Mortgage*, 2012 U.S. Dist.

     LEXIS 50926, at *5 (N.D. Cal. Apr. 11, 2012; *Copeland-Turner v. Wells Fargo*

23   *Bank, N.A.*, 800 F. Supp. 2d 1132, 1144 (D. Or. 2011); *Haggarty v. Wells Fargo*

24   *Bank, N.A.*, 2011 U.S. Dist. LEXIS 9962, *10–*11 (N.D. Cal. Feb. 2, 2011;

     *Omega v. Wells Fargo & Co.*, 2011 U.S. Dist. LEXIS 103928, *15-16 (N.D. Cal.

25   Sept. 14, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126

26   (N.D. Cal. 2010); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS

     96261 (C.D. Cal. Sept. 14, 2010); *cf. Silvas v. E*Trade Mortg. Corp.*, 514 F.3d

27   1001, 1004-5 (9th Cir. 2008) ("[a]ny doubt should be resolved in favor of

28   preemption") (quotations omitted).

1  at 1004-05, the OTS's construction of its own regulation 560.2 "must be given

2  controlling weight."  The court went on to declare that any presumption against

3  preemption of state law does not apply to HOLA, and that any doubt should be

4  resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App.

5  4th 72, 76-77 (2007) (holding that state common law claims including fraud and

6  unfair completion, based on pre-payment penalties, were barred by HOLA).

7  **C.**    **State Laws Preempted by HOLA**

8       The *Silvas* court described the HOLA regulations as "so pervasive as to

9  leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004-05 (internal

10  quotation omitted). Among those regulations are 12 C.F.R. § 560.2(b)(4), (9) and

11  (10), which preempt state laws that "would impose requirements on federal savings

12  banks" regarding (emphasis added):

13          The *terms of credit*, including amortization of loans and

14          the deferral and capitalization of interest and adjustments to the

15          interest rate, balance, payments due, or term to maturity of the

16          loan, including the circumstances under which a loan may be

17          called due and payable upon the passage of time or a specified

18          event external to the loan;

19          *Disclosure* and advertising, including laws requiring

20          specific statements, information, or other content to be included

21          in credit application forms, credit solicitations, billing

22          statements, credit contracts, or other credit-related documents

23          and laws requiring creditors to supply copies of credit reports to

24          borrowers or applicants;

25          *Processing, origination, servicing*, *sale or purchase of*, or

26          *investment or participation in, mortgages*; . . . .

27       "As outlined by OTS, the first step is to determine if [the law], as applied, is

28  a type of state law contemplated in the list under paragraph (b) of 12 C.F.R.

*Left margin, vertical text:* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

4

1   § 560.2. If it is, the preemption analysis ends." *Silvas*, 514 F.3d at 1006; *see also*

2   *id.* at 1005 n.1 ("This construction . . . by the OTS must be given controlling

3   weight"). In performing this analysis, the issue is not whether the claim for relief

4   usually or always falls within Section 560.2(b), but whether it does so *as applied* in

5   the case at hand. *See, e.g., Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist.

6   LEXIS 96155, at **15-16 (S.D. Cal. Oct. 14, 2009); *Silvas*, 514 F.3d at 1006

7   (finding Bus. & Prof. Code § 17200 preempted "as applied in this case.")

8   **D.    HOLA Preempts Plaintiff's Claims**

9          The complaint in this action is based entirely on the allegation that Wells

10   Fargo wrongfully foreclosed on her property. *See, e.g.,* Compl. ¶¶ __. But HOLA

11   regulation 12 C.F.R. § 560.2(b)(10) encompasses claims based on foreclosure ("the

12   circumstances under which a loan may be called due and payable upon the passage

13   of time"). The allegations also fall within the scope of 12 C.F.R. §§ 560.2(b)(10),

14   which pertains to the "servicing" of a loan.

15          The *Silvas* court made clear what happens when the allegations in a

16   complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b):  "If

17   so, the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

18   Here, every material basis of Plaintiff's claims is preempted by HOLA regulations,

19   and therefore those claims are as well.

20   **E.    Numerous Courts Have Recognized That HOLA Preempts Claims Such**

21          **As Those Asserted Here**

22          A long and growing list of federal courts have determined that claims such

23   as those at issue in this case are preempted by HOLA. As stated in *Stefan v.*

24   *Wachovia, World Savings,* 2009 U.S. Dist. LEXIS 113480, at *8-9 (N.D. Cal.

25   December 7, 2009) (emphasis added):

26              The relief Plaintiff seeks under state tort and contract laws are

27              of general applicability and do not explicitly regulate lending

28              activities.  To the extent that these state laws are applicable to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

the *foreclosure process or the loan agreement itself*, they are expressly preempted by section 560.2(b). Specifically, *Plaintiff's claims of misconduct surrounding the foreclosure proceedings clearly fall under the preemption provisions for "processing, origination, sale or purchase of ... mortgages" and "disclosure," Id.* (emphasis added).

In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 at *4 (C.D. Cal. Sept. 14, 2010), the plaintiff contended that Wells Fargo falsely promised that it had canceled the foreclosure sale while it considered the plaintiff's loan application. The *Guerrero* court dismissed the plaintiff's claims for, *inter alia*, estoppel, breach of contract, fraud, and negligence because they "fall within the purview of Section 560.2(b), as they attack Defendant's disclosure and initiation of the foreclosure process." *Id.* at **9-10. The court in *Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 96155 at *16-*18 (S.D. Cal. Oct. 14, 2009) dismissed, with prejudice, claims that were based in part on Wells Fargo's alleged refusal to modify the plaintiff's loan because: "each state Claim for Relief is premised upon allegations regarding Defendant's lending obligations, including: terms of credit, 12 C.F.R. § 560.2(b)(4); disclosure, *Id.* § 560.2(b)(9); 9 and processing, origination, and servicing of mortgages, *Id.* § 560.2(b)(10). These activities are matters committed by Congress to regulation by a federal agency." *Curcio*, 2009 U.S. Dist. LEXIS 96155 at *17.

Courts have found that claims of "misconduct surrounding the foreclosure proceedings" are preempted because they "clearly fall under the preemption provisions for "processing, origination, sale or purchase of ... mortgages" and "disclosure" in 12 C.F.R. § 560.2(b). *Stefan v. Wachovia,* 2009 U.S. Dist. LEXIS 113480, at **8-9 (N.D. Cal. Dec. 7, 2009); *see also Nguyen v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 113246, at **28-29 (N.D. Cal. October 25, 2010) ("claims based on improper foreclosure procedures" held preempted).

1    Accordingly, Wells Fargo respectfully requests that the Court grant this

2    motion to dismiss *without* leave to amend. Plaintiff cannot "plead around" the fact

3    that the complaint is based on matters preempted by federal regulations. Any

4    amendment would be futile.

5    **4.    THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE TO**

6    **JOIN AN INDISPENSABLE PARTY**

7    Rule 12(b)(7) provides for dismissal of an action for the failure to join a

8    party required under Rule 19.  Rule 19 (a)(1) provides:

9    A person who is subject to service of process and whose joinder

10    will not deprive the court of subject-matter jurisdiction must be

11    joined as a party if: . . .

12    (B) that person claims an interest relating to the subject

13    of the action and is so situated that disposing of the action in the

14    person's absence may:

15    (i) as a practical matter impair or impede the

16    person's ability to protect the interest; or

17    (ii) leave an existing party subject to a substantial

18    risk of incurring double, multiple, or otherwise

19    inconsistent obligations because of the interest.

20    In this case, Rule 19 requires the joinder of the person who purchased the

21    property at the foreclosure sale (the "Purchaser"). The Purchaser indisputably

22    "claims an interest relating to the subject matter of the action": it bought the

23    property that Plaintiff asks the Court to give back to her. Because Plaintiff did not

24    join the Purchaser, it cannot protect its interest in the property. The Purchaser's

25    continued absence also surely subjects it to the risk of multiple or inconsistent

26    obligations such as leases or loans that would have to be cancelled if the property

27    were taken away from it.

28

1   In interpreting Rule 19, the Ninth Circuit has stated that "'no procedural

2   principle is more deeply imbedded in the common law than that, in an action to set

3   aside a lease or a contract, all parties who may be affected by the determination of

4   the action are indispensable.'" *Virginia Surety Company v. Northrop Grumman*

5   *Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) (*quoting Lomayaktewa v. Hathaway*,

6   520 F.2d 1324, 1325 (9th Cir. 1975). Here, the Purchaser would be directly and

7   prejudicially affected if the Court were to set aside the sale of the property.

8   **5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR WRONGFUL**

9   **FORECLOSURE**

10  **A.   Plaintiff May Not Sue To Enforce The HAMP/HAFA Guidelines**

11  The crux of the complaint is Plaintiff's allegation that Wells Fargo violated

12  guidelines issued under the Home Affordable Foreclosure Alternative ("HAFA")

13  program. *See* Compl. ¶¶ 16-21. But Plaintiff has no enforceable rights under

14  HAFA, which is a "sub-program of HAMP that offers the options of a short sale

15  or a Deed-in-Lieu of foreclosure to homeowners who can no longer afford their

16  mortgage payments." *Burr v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist.

17  LEXIS 42493, at *10 n.4 (S.D. Texas March 28, 2012).

18  "[L]enders are not required to make loan modifications for borrowers that

19  qualify under HAMP nor does the servicer's agreement confer an enforceable right

20  on the borrower." *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS

21  70455, at *15 (N.D. Cal. June 30, 2010) (citing cases; construing Wells Fargo's

22  HAMP agreement. That holding is based on the common-sense ground that:

23   As many of the courts have recognized, it would be

24   unreasonable for a qualified borrower seeking a loan

25   modification to rely on the HAMP servicer's agreement as

26   granting him enforceable rights since the agreement does not

27   actually require that the servicer modify all eligible loans, nor

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  does any of the other language of the contract demonstrate that

2  the borrowers are intended beneficiaries.

3  *Hoffman*, 2010 U.S. Dist. LEXIS 70455 at *10.

4  Understandably, therefore, "numerous district courts have interpreted

5  identical HAMP agreements and have come to the conclusion that a borrower is

6  not a third party beneficiary." *Id.* (citing cases). Numerous courts have also ruled

7  that a borrower does not have standing to sue its lender for alleged violation of the

8  lender's HAMP agreement.[4] "As courts have repeatedly held, borrowers are not

9  third-party beneficiaries of a lending institution's HAMP and HAFA agreements."

10 *Burr*, 2012 U.S. Dist. LEXIS 42493  at *14.

11 In short, the HAMP/HAFA programs do not require Wells Fargo to provide

12 relief to Plaintiff and, even if they did, Plaintiff has no right to enforce them.

13 **B.   The Complaint Lacks Allegations of Damages**

14 Plaintiff is suing Wells Fargo for selling her house at foreclosure rather than

15 postponing the sale for "five business days" to consider her request that she be

16 allowed to sell it at a short sale instead. *See* Compl. ¶ 21. Importantly, the

17 complaint does not contend that Wells Fargo was obliged to *approve* the short sale;

18 it alleges only that HAFA regulations required Wells Fargo to delay foreclosure

19 sale for a week.

20 Wells Fargo's alleged conduct caused her no harm. The complaint does not

21 suggest, much less plead facts showing, that Plaintiff incurred damages due to the

22 sale taking place on June 17 rather than June 24. Illustrating the lack of actual

---

[4] *See, e.g., Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal. March 15, 2010).; *Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, at**8-10 (C.D. Cal. Feb. 9, 2010); *Villa*, 2010 U.S. Dist. LEXIS 23741, at **5-7; *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017 at *4-5 (S.D. Cal. Dec. 15, 2009); *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 U.S. Dist. LEXIS 64903, at *9 (E.D. Cal. June 16, 2010); *Domnie v. Saxon Mortgage*, 2010 U.S. Dist. LEXIS 76816, at *5 (N.D. Cal. July 14, 2010).

1  damages at issue in this case, the complaint requests "compensatory damages for

2  the loss of the Subject Property." *See* Prayer for Relief ¶ 2. But losing the property

3  was inevitable: Plaintiff *requested* that she be allowed to sell it in a short sale. *See*

4  Compl. ¶ 15. Wells Fargo's alleged misconduct did not cause her to lose the

5  property. Her second, uncured default did.

6  ### 6.   THE COMPLAINT DOES NOT STATE A QUIET TITLE CLAIM

7  **A.   The Quiet Title Claim Is Based On The Unenforceable HAFA**
8  **Regulations**

9  The quiet title claim merely incorporates the factual allegations that Wells

10 Fargo failed to comply with HAFA and, on that basis, asks the Court to quiet title

11 in Plaintiff's name. *See* Compl. ¶¶ 25-29. Therefore, the quiet title claim does not

12 state any claim on which relief is warranted. The HAFA guidelines are

13 unenforceable, so they provide no basis for undoing the foreclosure sale.

14 **B.   Plaintiff Must Tender Her Unpaid Debt To Obtain Equitable Relief**

15 Plaintiff seeks injunctions "setting aside the sale of the Subject Property and

16 declaring that sale to be null and void and of no force and effect," cancelling the

17 trustee's deed upon sale issued to the purchaser. *See* Prayer for Relief ¶¶ 1, 3.

18 However, a debtor seeking an injunction or other equitable relief must tender her

19 outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018,

20 1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may

21 not without payment of the debt, enjoin a sale by a trustee under a power conferred

22 by a deed of trust, or have his title quieted."). A mortgagor may not maintain a

23 quiet title action against the mortgagee without first paying the outstanding debt on

24 which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703,

25 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt,

26 quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477

27 (1974) ("The cloud upon…title persists until the debt is paid").

28 "The rules which govern tenders are strict and are strictly applied." *Nguyen*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege such a tender does not state a claim for relief under California law. *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

Numerous federal courts have applied the tender rule in dismissing lawsuits such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *31-36 (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS 3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases). "The application of the 'tender rule' prevents 'a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS 113246, at *32. The Ninth Circuit has also recognized and enforced this "tender rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617, at *3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage.")

Here, Plaintiff does not allege that she has tendered the unpaid debt. Therefore, each claim seeking equitable relief fails. The tender rule is intended for situations such as this. Plaintiff does not dispute that she defaulted on her loan (again) or that Wells Fargo had the contractual right to foreclose. She merely raises the collateral, procedural objection that the entirely justified foreclosure should have been postponed for a week. Under California law, she must tender her unpaid debt to obtain the relief she seeks.

## C.  <u>The Complaint Is Not Verified</u>

Code of Civil Procedure §761.020 requires that the complaint that asserts a quiet title claim be verified and set forth the basis for plaintiff's title and the claims adverse to the title of plaintiff.  CCP §761.020.  Here, the complaint is not verified. A verified pleading is especially warranted here: Plaintiff's allegation that she "signed a Short Sale Agreement with Wells Fargo" and strong suggestion that she

1   submitted it on June 10 are just plain false. If she wants to maintain this action, she

2   must verify those assertions under penalty of perjury.

3   **7.   CONCLUSION**

4       For each of the foregoing reasons, Wells Fargo requests that the Court grant

5   this motion to dismiss without leave to amend.

6                                   Respectfully submitted,

7   Dated:  September 19, 2013         ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
8

9

        By:  _____/s/ Viddell Lee Heard_____
10                                      Viddell Lee Heard
                                        vheard@afrct.com
11       Attorneys for Defendant
        WELLS FARGO BANK, N.A., successor by
12       merger with Wells Fargo Bank Southwest, N.A.,
        formerly known as Wachovia Mortgage, FSB,
13       formerly known as World Savings Bank, FSB
        ("Wells Fargo")
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff*
*ZULEMA ZENDEJAS*

Joseph Lynn De Clue. Jr., Esq.
MILLENIA LAW OFFICES
2280 Wardlow Circle #255
Corona, CA 92880

Tel: (951) 280-1313
Fax: (951) 403-6302

jldecluejr@gmail.com, rockymendez1977@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **September 19, 2013**

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |